UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOARD OF TRUSTEES OF THE CEMENT MASONS & PLASTERERS HEALTH AND WELFARE TRUST; *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>GBC NORTHWEST, LLC, a limited liability company; SUMMIT CENTRAL CONSTRUCTION, INC.; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA; and SKYWAY WATER AND SEWAGE DISTRICT,<br><br>Defendants. | CASE NO. C06-1715 C<br><br>ORDER |

This matter comes before the Court on Plaintiffs' Motion for Summary Judgment (Dkt. No. 13), Defendants' Opposition thereto (Dkt. No. 24), Plaintiffs' Reply (Dkt. No. 25), Defendants' Motion to Decline the Exercise of Supplemental Jurisdiction (Dkt. No. 20), Plaintiffs' Opposition thereto (Dkt. No. 23), and Defendants' Reply (Dkt. No. 26). Having reviewed the materials submitted and found that oral argument is not necessary, Defendants' motion is DENIED and Plaintiffs' motion is GRANTED for the reasons set forth below.

//

ORDER – 1

# I. BACKGROUND

This case involves claims arising out of employee benefit contribution payments that Defendant GBC allegedly failed to make to Plaintiffs' benefit trust during a public works construction project. Plaintiffs filed this ERISA claim against Defendant GBC on November 29, 2006 for the unpaid contributions, liquidated damages, accrued interest, costs, and attorney's fees. Plaintiffs also placed a lien on the construction project for the amount due by Defendant GBC on August 11, 2006 and now seeks to foreclose on their lien against the general contractor, the general contractor's insurer, and the public entity that funded the project—Defendants Summit Central Construction, Inc., Travelers Casualty and Surety Company of America, and Skyway Water and Sewer District—under Washington state law.

# II. ANALYSIS

## A. Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure governs summary judgment motions, and provides in relevant part, that "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).  In determining whether an issue of fact exists, the court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996).  A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248.  The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52.  The moving party bears the burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Once the movant has met this burden, the nonmoving party then must show that there is in fact a genuine issue for trial. *Anderson*, 477 U.S. at

ORDER – 2

250.

Defendant GBC has not filed any response to this action. The other three Defendants have not challenged any of the facts asserted by Plaintiffs. The Defendants that have appeared have alleged only that this Court should not exercise supplemental jurisdiction over the supplemental lien foreclosure claim because they had filed previously for a declaratory judgment in state court as to the availability of such a claim. Therefore, there are no issues of fact for trial as to Plaintiffs' summary judgment motion and this entire matter may be resolved as a matter of law.

**B.     Subject Matter Jurisdiction**

*1.     Exclusive ERISA Jurisdiction*

The trust's ERISA claim against the employer, GBC Northwest, are under the exclusive jurisdiction of the federal district courts. 29 U.S.C. § 1132(e)(1); *Pension Trust Fund for Operating Engr's v. Triple A Machine Shop, Inc.*, 942 F.2d 1457, 1461 (9th Cir. 1991). Therefore, this is the only forum where Plaintiffs can bring the ERISA claim.

*2.     Supplemental Jurisdiction*

This Court has supplemental jurisdiction over state claims if they arise out of the same case or controversy.[1] 28 U.S.C. § 1367(a). A district court may decline to exercise supplemental jurisdiction over such a claim if, in exceptional circumstances, there is a compelling reason for declining jurisdiction. *Id.* § 1367(c)(4). The decision of whether to exercise supplemental jurisdiction is at the discretion of the court. *Executive Software N. Am. Inc. v. United States District Court*, 24 F.3d 1545, 1548 (9th Cir. 1994). In deciding whether to assert supplemental jurisdiction, a district court should weigh the values of judicial economy, convenience, fairness, and comity. *Id.* at 1552.

---

[1] Joinder of completely separate Defendants to state law claims is permissible, so long as those claims arise out of the same series of transactions. FED. R. CIV. P. 20(a). In this case, the federal ERISA claim against the employer Defendant is distinct from the state lien foreclosure claim against the general contractor, the general contractor's insurer, and the public entity funding the project. However, Rule 20(a) permits joinder because this claim arose out of the same series of transactions.

ORDER – 3

In this case, this Court has supplemental jurisdiction over the state lien foreclosure claim because it arises under the exact same set of facts surrounding the employer's failure to make the required payments to the union's trust actionable under ERISA. Defendants request that the Court decline to exercise supplemental jurisdiction because of the exceptional circumstance that they filed for declaratory judgment in state court on the issue of whether Plaintiffs' state claim is preempted by federal law prior to Plaintiffs' filing of this lawsuit.

### a.   *Judicial Economy*

Because there are no genuine issues of fact, this case can be decided as a matter of law and does not need to go to trial. Therefore, actually exercising supplemental jurisdiction over the state claim and granting Plaintiffs' requested relief will not require any more judicial resources than deciding whether to exercise that jurisdiction.

### b.   *ERISA Preemption*

This Court recognizes that the outcome of this case depends on whether both federal and state claims are decided in federal court or, alternatively, in a bifurcated manner in both state and federal court. The Washington State Supreme Court has held that the state public works lien law is preempted by ERISA. *Int'l Bhd. of Elec. Workers v. Trig Elec. Contr. Co.*, 13 P.3d 622, 628 (Wash. 2001). Therefore, in state court, under *Trig*'s preemption holding, the union trustees would not have recourse as a matter of law against the general contractor, the general contractor's insurer, or the public entity funding the project to collect the unpaid employee benefit contributions. However, in *Ironworkers Dist. Council of the Pacific Northwest v. George Sollit Corp., M.A.*, No. C01-1668C, 2002 WL 31545972 (W.D. Wash. Sept. 4, 2002), this Court noted that federal law as determined by federal courts, not state courts, governs questions of ERISA preemption, *Mackey v. Lanier Collection Agency*, 486 U.S. 825, 830–31 (1988), and there is Ninth Circuit precedent that Washington's state public works lien law is *not* preempted by ERISA, *Southern Cal. IBEW-NECA Trust Funds v. Standard Indus. Elec. Co.*, 247 F.3d 920 (9th Cir. 2001) (holding that ERISA does not preempt California's public works bond statutes

ORDER – 4

analogous to WASH. REV. CODE § 39.08). Because this Court follows federal preemption law as determined by federal courts and under that law ERISA does not preempt, the union trustees do have recourse as a matter of law in federal court to collect on a state lien claim supplemental to an ERISA suit. Due to the state court's view of ERISA preemption, the practical implication of this Court's decision about whether to exercise supplemental jurisdiction is nothing less than a disposition of the lien claim. If this Court declines supplemental jurisdiction, the workers will not be able to recover the unpaid contributions to their benefit fund; if exercised, the result will be the opposite.

Moreover, the fact that the state claim hinges on a federal preemption issue is a compelling reason to exercise supplemental jurisdiction over the state claim. In the case that created the modern doctrine of pendent jurisdiction, *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 727 (1966) (effectively codified in 28 U.S.C. § 1367), the U.S. Supreme Court noted that "when the allowable scope of the state claim implicates the federal doctrine of pre-emption," then the argument for the exercise of supplemental jurisdiction is particularly strong. Given the Washington State Supreme Court's interpretation of federal ERISA preemption doctrine to preclude recovery on public works liens in cases such as the instant one, the interest in correct application of federal law strongly favors this Court's exercise of supplemental jurisdiction over the state claim.

        *c.*    *Forum Shopping*

Defendants accuse Plaintiffs of forum shopping because Plaintiffs filed this supplemental foreclosure claim in federal court despite Defendants' pending state declaratory judgment action. However, Defendants' forum shopping is more egregious than Plaintiffs'. Plaintiffs filed a lien on the construction project on August 11, 2006. They then had four months to file a foreclosure on the lien. WASH. REV. CODE § 60.28.030. Federal district court was the logical place to file, because it has exclusive jurisdiction over the ERISA claim against the employer that forms the factual basis for the state claim. 28 U.S.C. § 1367(a). In anticipation of Plaintiffs' supplemental lien claim in federal district court, Defendants filed for declaratory judgment in state court on the basis that the lien claim was preempted by

ORDER – 5

ERISA (Decl. of Jesse P. Elison, Ex. 1, Dkt. No. 21). Anticipatory declaratory judgment filing constitutes blatant forum-shopping, depriving Plaintiffs of their right to choose the forum for their entire lawsuit and causing duplicative lawsuits. *Cf. Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (finding that when district courts evaluate declaratory judgments, they "should discourage litigants from filing declaratory actions as a means of forum shopping" and "avoid duplicative litigation"). Finally, while an ERISA suit would not be precluded in federal court even if the state court reached judgment first, *Triple A*, 942 F.2d at 1460, it would be highly inefficient to force a federal ERISA claim in federal court as well as a state adjudication of the lien claim when both can be resolved in the instant suit.

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' Motion to Decline the Exercise of Supplemental Jurisdiction and GRANTS Plaintiffs' Motion for Summary Judgment in its entirety. Because final judgement is requested to reflect interest and amounts incurred as attorney fees, Plaintiffs are ORDERED to submit a proposed final judgment, including an itemized report of the unpaid contributions to date, liquidated damages, interest, audit fees, costs, and attorney's fees now due as a result of this Order. Such supplemental briefing shall be filed by May 7, 2007. Defendants' objections, if any, shall be due by May 9, 2007. Any reply shall be due by May 10, 2007. The court will thereafter enter final judgment. The foregoing shall be noted for consideration on May 11, 2007.

SO ORDERED this 3rd day of May, 2007.

John C. Coughenour
United States District Judge

ORDER – 6