1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10  BOARD OF TRUSTEES OF THE CEMENT
    MASONS & PLASTERERS HEALTH AND
11  WELFARE TRUST; *et al.*,

                                                CASE NO. C06-1715 C
12                  Plaintiffs,
                                                ORDER
13          v.

14  GBC NORTHWEST, LLC, a limited liability
    company; SUMMIT CENTRAL
15  CONSTRUCTION, INC.; TRAVELERS
    CASUALTY AND SURETY COMPANY OF
16  AMERICA; and SKYWAY WATER AND
    SEWAGE DISTRICT,
17
                    Defendants.

18

19          This matter comes before the Court on the Motion for Reconsideration (Dkt. No. 32) filed by

20  Defendants Summit Central Construction, Inc., Travelers Casualty and Surety Company of America, and

21  Skyway Water and Sewer District regarding this Court's May 3, 2007 Order (Dkt. No. 29) granting

22  summary judgment to Plaintiffs.

23          Motions for reconsideration are governed by Local Civil Rule 7(h), which provides in pertinent

24  part that "[m]otions for reconsideration are disfavored" and that the Court "will ordinarily deny such

25  motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or

26  ORDER – 1

1  legal authority which could not have been brought to [the Court's] attention earlier with reasonable

2  diligence."  Local Rules W.D. Wash. CR 7(h)(1).  Defendants allege two "manifest errors."

3      **A.**    **Supplemental Jurisdiction**

4      First, Defendants claim that because they are not completely diverse from Plaintiffs, the Court's

5  exercise of supplemental jurisdiction over them was erroneous.  Defendants are incorrect.  This Court's

6  original jurisdiction over Plaintiffs' ERISA claim is pursuant to 28 U.S.C. § 1331 (federal question

7  jurisdiction).  Accordingly, the requirements of 28 U.S.C. § 1332, which govern diversity jurisdiction, are

8  entirely irrelevant, both as to assessing original jurisdiction and as incorporated into 28 U.S.C. § 1367

9  (supplemental jurisdiction).  Defendants' conflation of these two separate bases of federal jurisdiction is

10 both illogical and incorrect.  *See* U.S. CONST. art. III, § 2 (enumerating the nine textual planks of federal

11 jurisdiction, two of which are further delineated by § 1331 and § 1332).  There is no requirement that

12 *both* diversity and federal question jurisdiction exist for a case to be heard in federal court.  Accordingly,

13 Defendants' citation to *Finley v. United States*, 490 U.S. 545 (1989) (a diversity case), is inapposite and

14 Defendants' general fixation on the elements of diversity jurisdiction is just as much of a red herring now

15 as it was in their original summary judgment briefing.

16     Because of Defendants' considerable confusion of the matter, the Court briefly deconstructs the

17 analysis here, as follows.  Supplemental jurisdiction is properly exercised over state law claims arising out

18 of the same Article III case or controversy as a different claim over which the district court has original

19 jurisdiction.  28 U.S.C. § 1367(a).  Federal question jurisdiction exists here because ERISA is a law "of

20 the United States."  *Id.* § 1331.[1]  Plaintiffs' state lien foreclosure claim against separate defendants to

21 recover delinquent amounts due under ERISA is assuredly part of the same case or controversy as the

22 federal ERISA claim.  (*See* May 3, 2007 Order 4.)  Accordingly, the Court's discretionary exercise of

23

---

24     [1] Not only is the ERISA claim a federal question, unlike many federal questions, it is a federal
question which is *exclusively* cognizable in the federal courts. 29 U.S.C. § 1132(e)(1); *Pension Trust*

25 *Fund for Operating Engr's v. Triple A Machine Shop, Inc.*, 942 F.2d 1457, 1461 (9th Cir. 1991).

26 ORDER – 2

1  supplemental jurisdiction under § 1367(a) in this matter was both constitutionally and statutorily proper.

2  Diversity is not part of the equation.  *See generally Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163,

3  1172–75 (9th Cir. 2002) (analyzing, in the context of a federal question case, the propriety of exercising

4  supplemental jurisdiction over state law claims against nondiverse parties added as defendants solely to

5  those state law claims, and finding § 1367(a) to allow the same exercise of supplemental jurisdiction as

6  occurred in the instant case).  Thus, while Defendants are correct to the extent that they suggest that

7  supplemental jurisdiction may not be used to exercise jurisdiction over state claims against nondiverse

8  defendants in a diversity case, *see DaimlerChrysler Corp. v. Cuno*, 126 S. Ct. 1854, 1866–67 (2006)

9  (discussing Supreme Court precedent and *diversity* cases disallowing supplemental jurisdiction over

10  claims against nondiverse parties), that rule has no applicability here because this is not a diversity case.

11     Finally, Defendants' objection to the Court's notation regarding their joinder as parties under

12  Federal Rule of Civil Procedure 20(a) (May 3, 2007 Order 3 n.1) appears to be a suggestion that the

13  Court has violated 28 U.S.C. § 1367(b) in exercising supplemental jurisdiction over them.  Section

14  1367(b) provides that in "any civil action of which the district courts have original jurisdiction *founded*

15  *solely on section 1332* . . . the district courts shall not have supplemental jurisdiction under subsection (a)

16  over claims" against parties joined under Rule 20, among other Rules.  28 U.S.C. § 1367(b) (emphasis

17  added).  Because § 1332 has nothing to do with this Court's § 1331 original jurisdiction over Plaintiffs'

18  ERISA claim, § 1367(b)'s limitation on § 1367(a) does not apply to the instant case.  *See Mendoza*, 301

19  F.3d at 1172 n.5 (noting explicitly that § 1367(b) limits only cases where the "underlying basis for federal

20  jurisdiction is diversity").

21    **B.**  **Preemption**

22     Defendants' second allegation of "manifest error" involves this Court's application of federal

23  preemption law as decided by federal courts to the instant case.  Federal law as determined by federal

24  courts, not state courts, governs questions of ERISA preemption.  *Mackey v. Lanier Collection Agency*,

25  486 U.S. 825, 830–31 (1988).  Incredibly, Defendants nevertheless argue that in spite of this, the Court

26  ORDER – 3

should look to the Washington Supreme Court for guidance, because it "was correct and the Ninth Circuit['s directly contradictory holding] is incorrect." (Mot. 5.) Defendants argue that the Ninth Circuit "mistakenly" interpreted ERISA and that "[i]n contrast, the Washington Supreme Court got it right." (*Id.*) The Court disagrees and leaves it to Defendants to make this argument to the Ninth Circuit if they wish. Moreover, far from showing that this Court committed "manifest error" in taking guidance from the Ninth Circuit, it likely would have been manifest error to have followed the Washington Supreme Court instead.

### C.      Conclusion

For the foregoing reasons, the Court finds that Defendants have failed to make the showing required by Rule 7(h). Accordingly, their motion for reconsideration is DENIED. The Court, having already entered final judgment (Dkt. No. 33), hereby DIRECTS the Clerk to CLOSE this case.

SO ORDERED this 22nd day of May, 2007.

John C. Coughenour
United States District Judge

ORDER – 4